IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE WASHINGTON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3705 |
| | § | |
| CHRISTINA M. HOLLOWAY, *ET AL.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER OF DISMISSAL**

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, files this section 1983 lawsuit against prison officials for damages regarding the loss of his personal property.

Based on a careful review of the complaint pursuant to 28 U.S.C. § 1915A, the Court DISMISSES this lawsuit for the reasons that follow.

*Background and Claims*

Plaintiff claims that on May 16, 2014, prison officers were told to go into the inmate dayroom and remove any personal property that had been left by inmates. The inmates were purportedly told that their property could be reclaimed in the property storage room. Plaintiff states that he approached the property storage room officer requesting return of his property, but the officer refused to discuss the issue. The officer subsequently reported that none of the removed property belonged to plaintiff. Plaintiff's prison grievances regarding the property loss were denied. Plaintiff seeks $563.73 in compensation from each of the three defendants for their unlawful seizure and conversion of his personal property.

*Analysis*

Any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

The Fourteenth Amendment to the Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate due process if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 534–35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534–35.

Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization. In Texas, the tort of conversion fulfills this requirement. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the prison lost or damaged personal property. *See* TEX. GOV'T CODE § 501.007. Because Texas law provides an adequate post-deprivation remedy, plaintiff's loss of his personal property does not state a constitutional due process violation. *See Hudson*, 468 U.S. at 536 (noting that, even when a prisoner's property was intentionally destroyed, such destruction did not violate the

Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy).

A prisoner may bring suit in federal court for property loss only if relief is denied in state court on grounds other than the merits of his claim. *Thompson v. Steele*, 709 F.2d 381, 383 n. 3 (5th Cir. 1983). The burden is on the prisoner to show that the post-deprivation remedy is inadequate. *Myers*, 97 F.3d at 94. Plaintiff's complaint does not show that he has filed suit in state court pursuant to section 501.007 or for conversion. Because plaintiff has not pursued his state court remedies, he cannot allege that the post-deprivation remedy available to him is inadequate. Consequently, his instant claims fail to state a cognizable federal constitutional claim and this lawsuit must be dismissed.

## *Conclusion*

This lawsuit is DISMISSED WITHOUT PREJUDICE for failure to state a claim for which relief can be granted under section 1983. Any and all pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" under section 1915(g).

Signed at Houston, Texas on December 31, 2015.

_____
Gray H. Miller
United States District Judge